# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEFFREY POWERS, et al.,<br><br>    Plaintiffs-Appellees,<br><br>v.<br><br>DOUGLAS A. COLLINS, Secretary of Veterans Affairs, et al.,<br><br>    Defendants-Appellees,<br><br>v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>    Appellant. | Nos. 24-6338, -6603 |

## MOTION TO AMEND MANDATE

The government respectfully moves that the mandate in the above-captioned appeals be corrected to reflect that it does not encompass the government's appeal, No. 24-6576, from the same judgment.

1. As the Court knows, four parties filed five separate appeals from the judgment in this case. The government's appeal is No. 24-6576. Bridgeland Resources' appeal is No. 24-6578. Brentwood School's appeal is No. 24-

6888. And the Regents of the University of California filed two appeals: No. 24-6338 and No. 24-6603. This Court consolidated the Regents' two appeals in its order granting a stay pending the government's appeal. Otherwise, the Court has not consolidated any of the appeals.

2. On December 23, the Court issued a single opinion resolving all five appeals—again, without consolidating them. The deadline for petitions for rehearing was February 6. Only the government has filed a petition for rehearing.

3. On February 17—the next business day after the expiration of seven days since the rehearing deadline, *see* Fed. R. App. P. 41(b)—the Court issued mandates on the dockets in the Brentwood, Bridgeland, and Regents appeals. The mandates entered on the Brentwood and Bridgeland dockets correctly include only the captions of those appeals. The mandate entered on the Regents dockets, however, includes the captions of all five appeals.

4. It should be clear that the Court has not actually issued its mandate in the government's appeal, because that cannot happen while the government's rehearing petition is pending. *See* Fed. R. App. P. 41(b). That is why the Court entered the mandates only on the Brentwood, Bridgeland, and Regents dockets and not on the docket in the government's appeal.

5. In order to avert any conceivable confusion, however, the government respectfully requests that the mandate in the Regents' appeals be amended so that (like the Brentwood and Bridgeland mandates) it reflects only the captions in the Regents' appeals, and not the captions in the non-consolidated appeals, including the government's.

6. The government requested the other parties' position on this motion 24 hours ago. Brentwood, Bridgeland, and plaintiffs do not oppose this request. The Regents have not provided a position. The government is filing this motion without the Regents' position, consistent with Circuit Rule 27-1 and the accompanying Advisory Committee Note, given the time sensitivity of any potential confusion regarding the district court's jurisdiction.

Respectfully submitted,

CHARLES W. SCARBOROUGH

*/s/ Daniel Winik*
DANIEL WINIK
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7245*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  (202) 305-8849

## CERTIFICATE OF COMPLIANCE

I certify that this motion complies with Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared in 14-point Book Antiqua, a proportionally spaced font, and that it complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 387 words, according to Microsoft Word.

*/s/ Daniel Winik*
Daniel Winik